IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

        **Petitioner,**

**v.**                                                                                 Civil No. 5:05cv183
                                                                                   (Judge Stamp)

**THOMAS MCBRIDE, Warden,**

        **Respondent.**

**REPORT AND RECOMMENDATION ON THE RESPONDENT'S MOTION TO DISMISS AS SUCCESSIVE, PETITIONER'S TWO MOTIONS FOR JUDICIAL NOTICE, AND PETITIONER'S MOTION FOR AN EVIDENTIARY HEARING**

On November 14, 2005, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On December 5, 2005, petitioner filed a supplement to his petition and on December 22, 2005, petitioner filed an amended petition. Petitioner further supplemented his petition on January 5, 2006.

On January 23, 2006, the undersigned conducted a preliminary review of the petition and determined that summary dismissal was not warranted. Therefore, the respondent was directed to file an answer and did so on February 8, 2006, by filing a motion to dismiss the petition as successive. The petitioner filed objections to the respondent's motion on February 15, 2006, and a reply to the motion on May 23, 2006. Petitioner has also filed two requests for judicial notice, a motion for an evidentiary hearing, and several supplements, affidavits, and other *ex parte* communications since the initiation of this case.

This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09.

**I. Procedural History**

As set forth in the pleadings, on July 16, 1997, the petitioner was convicted by a jury of burglary and kidnaping in the Circuit Court of Marion County, West Virginia. As a result of his conviction, petitioner received a recidivist life sentence. Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals in 1998. Petitioner's appeal was refused.

This is the <u>fourth</u> time that petitioner has sought federal habeas relief in this court. On March 7, 2002, petitioner filed his first federal habeas petition. <u>See</u> 1:02cv41. Petitioner's case was considered on the merits and dismissed with prejudice by the Honorable Irene M. Keeley on March 31, 2003. The Fourth Circuit denied petitioner's request for a certificate of appealability.

Petitioner filed a second federal habeas on August 2, 2004. <u>See</u> 1:04cv172. While that petition was pending, petitioner filed a third federal habeas petition on November 22, 2004. <u>See</u> 1:04cv246. By consolidated Order, the Honorable W. Craig Broadwater dismissed petitioner's second and third federal habeas petitions as successive.

## II. The Pleadings

### A. The Petition

In the petition, the petitioner asserts the following grounds for relief:

(1) his conviction was obtained pursuant to an unconstitutionally obtained selected and impaneled jury; and

(2) he was denied the effective assistance of trial counsel.

As to ground one, petitioner explains that the State used an alias name to identify the victim during *voir dire*. Because the jury panel was never given the "true identity" of the victim, petitioner asserts that the jury panel could not have accurately informed the Court of whether

2

they knew or were acquainted with the victim in the case. Petitioner asserts that this resulted in his trial being unfair and a violation of his Sixth Amendment right to confront the witnesses against him. Petitioner also asserts that the use of the victim's "illegal alias name" resulted in a violation of his rights to due process and equal protection. Petitioner asserts that the trial court erred by failing to instruct the jury panel as to all of the victim's alias names.[1]

As to ground two, petitioner asserts that counsel was ineffective for failing to object to the use of the victim's illegal alias name during *voir dire*. Petitioner asserts that counsel should have objected to the use of the victim's illegal alias name as he knew the true identity of the victim was Linda Correro and that Linda Crim was merely an alias. Petitioner further asserts that counsel should have requested a mistrial due to the unconstitutional way in which the jury was impaneled. Petitioner asserts that trial counsel's failure to object to the use of the victim's illegal alias name was ineffective and prejudicial.[2]

## B. Respondent's Motion to Dismiss

In the motion to dismiss, the respondent asserts that this is the fourth time that petitioner has challenged this same underlying conviction and sentence. The respondent also asserts that petitioner's first federal habeas was denied on the merits and that his second and third petitions were deemed successive. Because the respondent believes that the instant case merely raises

---

[1] In the indictment and at trial, the victim was identified as Linda Crim. However, petitioner asserts that the victim's true identity was Linda Correro and that Crim was an illegal alias name. Petitioner also asserts that the victim used several illegal alias names including, Linda Yeager, Linda Witek and others. Petition at 5. Petitioner asserts that the Court should have identified the victim by her true name and that the failure to do so was not harmless.

[2] The undersigned recognizes that the petitioner has filed (improperly) numerous supplements, amendments, affidavits, exhibits, and other documents in support of his petition. However, these documents merely reiterate the claims raised in the original petition and will not be specifically addressed in this Order as they do not effect the overall question of whether this is a successive petition.

issues previously litigated in the prior cases, he seeks the dismissal of this case with prejudice as successive. Nonetheless, the respondent also generally denies that any violation of the petitioner's rights occurred and reserves the right to make further argument should the Court find that the petition is not successive.

**C. Petitioners' Objections to the Defendants Motion to Dismiss**

In his objections to the respondent's motion to dismiss, petitioner asserts that the respondent failed to file its answer in compliance with Rule 5 of the Rules Governing Section 2254 proceedings by failing to make any argument as to the merits of the petitioner's claims. Additionally, petitioner appears to assert that the claims raised in the instant case are "newly discovered" and could not have been raised in his prior petitions.[3] Furthermore, petitioner requests an evidentiary hearing and lists fourteen people who will testify as to the true identity of the victim. In the remainder of his objections, petitioner merely reiterates the arguments made in his original petition and subsequent amendments and supplements.

**D. Petitioner's Reply to the Defendants Motion to Dismiss**

In his reply to the respondent's motion to dismiss, petitioner expands upon his argument that his claims are newly discovered. In that document, petitioner asserts that in November of 2004, his full state court record was sent to New York to be examined by legal experts. In September 2005, those legal experts sent petitioner a report based on their examination of his case. In that report, petitioner was advised that the use of the victim's illegal alias name during *voir dire* was improper. Thus, petitioner requests that the Court not dismiss his case as successive since he only learned of this claim upon receipt of the report by the legal experts. In

---

[3] On page 2 of his objections, petitioner asserts that the grounds for the instant petition were not discovered until 2005 when his case was examined by "legal experts" in New York.

addition, petitioner again requests an evidentiary hearing in which to prove the true identity of the victim and argues that the respondent's motion fails to address the merits of his claims. Therefore, petitioner requests that the respondent's motion be denied.

### III.  Other Pending Motions

#### A.  Petitioners' Motion to Take Judicial Notice

In his motion to take judicial notice, petitioner states that legal experts from the state of New York found newly discovered evidence of his unlawful conviction in September of 2005. That newly discovered evidence was that an illegal alias name was used to identify the victim. Petitioner alleges that he is the only defendant in the history of the West Virginia legal system to be convicted under an illegal alias name for a victim.  Petitioner asserts that his claims are not about his guilt or innocence, but about the fundamental fairness of his trial and the fact that he was discriminated against and treated differently.  Petitioner asserts that he is an American citizen who was unlawfully convicted and asks the court to take judicial notice of these issues.

#### B.  Petitioner's Motion for Evidentiary Hearing

In his motion for evidentiary hearing, petitioner generally reiterates the claims made in his original petition and subsequent filings.  Petitioner then states that he has fifteen witnesses who will testify as to the true identity of the victim.  Petitioner requests an evidentiary hearing "as there is no authority under law to convic (sic) any person under an alias name."  Motion (dckt. 23) at 3.

#### C.  Petitioners' Second Motion to Take Judicial Notice

In his second motion to take judicial notice, petitioner asserts that he contacted the public defender in Redding, California, in an attempt to locate Alta Witek, the sister of Linda Correro,

a/k/a Linda Crim. Petitioner asserts that he is attempting to locate Ms. Witek because her testimony may be critical to the true identity of the victim/accuser in petitioners' underlying criminal case. Additionally, petitioner asserts that he is the only defendant in the history of <u>American</u> jurisprudence to be convicted under an illegal alias name for the accuser. Petitioner asserts that as many as fifteen people know the true identity of the accuser and Alta Witek is one of them. It is not clear from the motion that for which petitioner would like the Court to take judicial notice.

### **IV. Standard of Review**

Title 28 U.S.C. § 2244 (b) provides that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because the Court is required to dismiss a second or successive § 2254 petition unless certain exceptions apply, the threshold question in this case is whether or not the instant petition

qualifies as a "second or successive" petition under § 2244(b).  See Stewart v. Martinez-Villareal, 523 U.S. 637, 642 (1998).  Although § 2244(b) does not define what constitutes a "second or successive petition," the Fourth Circuit has found that in order for a subsequent petition to be dismissed as successive, the first petition must have been dismissed on the merits.  Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002).  Further, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."  United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).  "[T]he authorization requirement applies to the entire application."  Id.

However, simply because a prisoner filed a previous federal habeas petition "does not necessarily render a subsequent petition 'second or successive.'"  Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (quoting Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002)).  "Rather, the phrase 'is a term of art given substance . . . in prior habeas corpus cases.'"  Id. (quoting Slack v. McDaniel, 529 U.S. 473, 486 (2000)).  "Whether a later petition is considered 'successive' is guided by abuse of the writ principles."  Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) (citing Crouch v. Norris, 251 F.3d 720, 723-724 (8th Cir. 2001)).

The abuse of the writ doctrine "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions."  McCleskey v. Zant, 499 U.S. 467, 489 (1991).  Under this common law doctrine, the Court "need not entertain a petition that abuses the habeas process."  Esposito v. Ashcroft, 392 F.3d 549, 550 (2d Cir. 2004).  The primary concerns behind the doctrine are judicial economy, finality of judgments, and the avoidance of piecemeal litigation.  McCleskey, 499 U.S. at 491.  Thus, "the abuse of the writ doctrine generally precludes inmates from relitigating the same

issues in subsequent [habeas] applications, or from raising new issues in subsequent habeas petitions." Griffin v. United States Parole Comm., 2003 WL 23961840 (E.D.Va. Nov. 19, 2003) (citing 28 U.S.C. § 2244(a) and McCleskey v. Zant, supra).

### V.  Analysis

In his first federal habeas petition, petitioner asserted 11 grounds for relief and 43 sub-grounds. After a lengthy and thorough examination of the petitioner's claims on the merits, petitioners' first federal habeas petition was dismissed with prejudice.

On August 2, 2004, petitioner filed a second federal habeas petition and on November 22, 2004, petitioner filed a third federal habeas petition. By consolidated Order, the Court found that petitioner's first federal habeas petition was an adjudication on the merits and dismissed the petitioner's second and third petitions as successive. Thus, being already established by this Court that petitioner's first federal habeas was dismissed on the merits, the instant case is successive and must be dismissed unless the petitioner can establish one of the exceptions enumerated in 28 U.S.C. § 2244(b).

Petitioners' claim clearly does not rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. Therefore, the only exception which might have application in this case is § 2244(b)(2)(B) which allows an exception where the factual predicate of a claim could not have been discovered previously through the exercise of due diligence. And, although petitioner makes this argument in his objections and reply to the respondent's motion to dismiss, the Court finds that petitioner's first federal habeas petition, and even the instant petition, refute his argument.

In Ground One of petitioners' first federal habeas petition, he asserted that his indictment

was unconstitutional because it was not under Crim's legal name. Moreover, in Ground Two of the instant case, petitioner argues that counsel was ineffective for failing to object to the use of the victim's illegal alias name as counsel knew the true identity of the victim at the time of *voir dire*. Both of these instances clearly show that the <u>factual</u> <u>predicate</u> for petitioner's claim was known at the time of trial and at the time petitioner filed his first federal habeas petition. Thus, petitioner's claims are not newly discovered and his petition must be dismissed as successive.

## VI. Recommendation

For the foregoing reasons, it is recommended that the respondent's Motion to Dismiss (dckt. 16) be GRANTED and this case be DISMISSED with prejudice as successive.[4] In light of this finding, the undersigned also recommends that petitioner's first Motion to Take Judicial Notice (dckt. 22) and Motion for an Evidentiary Hearing (dckt. 23) be DENIED. Finally, the undersigned recommends that petitioner's second Motion to Take Judicial Notice (dckt. 24) be DENIED as vague.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States

---

[4] This case is a prime example of the abuse of the writ doctrine and the reason that § 2244(b) was enacted. Petitioner continues to file claims in piecemeal fashion with little or no regard for judicial time and resources. Not surprisingly, the Court notes that although specifically requested on the standard habeas form used by petitioner to initiate this case, petitioner failed to inform the court about his prior habeas petitions. Thus, petitioner should note that this Court has the authority to control and manage matters such as this pending before it. The Court firmly believes that all petitioners must conform to acceptable standards in approaching the Court. Therefore, petitioner is warned that the Court will not tolerate incomplete or false responses and/or statements in any pleading filed for future consideration as the quality of justice is threatened when the Court cannot rely on the statements and responses made by the parties.

District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: July 24, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE