IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KENNY DREW SAYRE,

    Petitioner,

v.                                      Civil Action No. 5:05CV183
                                                        (STAMP)

THOMAS McBRIDE, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION,
DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING
AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

I.  Procedural History

On November 14, 2005, the pro se petitioner, Kenny Drew Sayre, filed a writ for habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. This Court referred this civil action to United States Magistrate Judge James E. Seibert, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. On December 5, 2005, the petitioner filed a supplement to his petition and on December 22, 2005, the petitioner filed an amended petition. The petitioner further supplemented his petition on January 23, 2006. The magistrate judge entered an order directing the respondent to respond. On February 8, 2006, the respondent answered by filing a motion to dismiss the petition as successive.

The petitioner then filed a letter motion for appointment of counsel. The magistrate judge denied the petitioner's request for counsel on February 8, 2006.

The petitioner filed a "response with objections" to the respondent's motion to dismiss on February 15, 2006 and a reply to the respondent's motion on May 23, 2006. The petitioner also filed two requests for judicial notice, a motion for an evidentiary hearing, several supplements, affidavits, and other ex parte communications since the initiation of this case. On July 24, 2006, the magistrate judge entered a report recommending that the petitioner's § 2254 petition be dismissed with prejudice and the respondent's motion to dismiss be granted. The magistrate judge further recommended that the petitioner's first motion to take judicial notice and motion for an evidentiary hearing be denied. Finally, the magistrate judge recommended that the petitioner's second motion to take judicial notice be denied as vague. The petitioner filed time objections to the magistrate judge's report and recommendation. Finally, on August 14, 2006, the petitioner filed a motion for an evidentiary hearing and a motion for appointment of counsel.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of the recommendation to which no objection is made, the magistrate

2

judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made a independent <u>de novo</u> consideration of all matters now before it and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. <u>Facts</u>

On July 16, 1997, the petitioner was convicted by a jury of burglary and kidnaping in the Circuit Court of Marion County, West Virginia. As a result of his conviction, the petitioner received a recidivist life sentence. The petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals in 1998. The petitioner's appeal was refused. On March 7, 2002, the petitioner filed a petition for writ of habeas corpus pursuant to § 2254 in the United States District Court for the Northern District of West Virginia. The petition was dismissed with prejudice on March 31, 2003. The Fourth Circuit denied petitioner's request for a certificate of appealability.

On August 2, 2004, the petitioner filed a second petition for writ of habeas corpus pursuant to § 2254. While that petition was pending, the petitioner filed a third petition for writ of habeas corpus pursuant to § 2254 on November 22, 2004. By a consolidated order, United States District Judge W. Craig Broadwater dismissed

the petitioner's second and third habeas corpus petitions as successive.

IV. Discussion

A. Motion for an Evidentiary Hearing

The magistrate judge found that the petitioner's motion for an evidentiary hearing generally reiterates the claims made in his original petition and subsequent filings. Specifically, the petitioner requests an evidentiary hearing "as there is no authority under law to convic (sic) any person under an alias name." (Mot. for Evidentiary Hr'g.) The petitioner asserts that he has fifteen witnesses who will testify as to the true identify of the victim. Based upon the findings below, the magistrate judge found, and this Court agrees, that the petitioner's motion for an evidentiary hearing must be denied.

B. Motion to Take Judicial Notice

The petitioner filed two separate motions to take judicial notice. In his first motion, the petitioner asserts that legal experts from the State of New York found newly discovered evidence of his unlawful conviction in September 2005. The petitioner argues that he is the only defendant in the history of the West Virginia legal system to be convicted under an illegal alias name for a victim. The petitioner asserts that his claims are not about guilt or innocence, but about the fundamental fairness of his trial and the fact that he was forced to endure discrimination. The

petitioner requests that this Court take judicial notice that he is an American citizen who was unlawfully convicted. The magistrate judge found, and this Court agrees, that the petitioner's first motion to take judicial notice must be denied.

In his second motion, the petitioner asserts that he contacted the public defender in Redding, California in an attempt to locate Alta Witek, the sister of Linda Correro, a/k/a Linda Crim. The petitioner asserts that he is attempting to locate Alta Witek because her testimony may be critical to the true identify of the victim/accuser in the petitioner's underlying criminal case. The magistrate judge determined that it is unclear from the motion that for which the petitioner requests this Court to take judicial notice. Accordingly, this Court finds that the petitioner's second motion to take judicial notice must be denied as vague.

C.  <u>Petition for Writ of Habeas Corpus Under § 2254</u>

In his objection to the magistrate judge's report and recommendation, the petitioner asserts that there is newly discovered evidence and that "all writs act -- under 28 U.S.C. -- 1651" applies to this action because the legal name for the accused was not on the voir dire. (Pet'r's Objection at 3.) This Court notes that the petitioner does not present any arguments in his objections that were not addressed by the magistrate judge in his report.

As the magistrate judge noted, 28 U.S.C. § 2244(b) requires a district court to dismiss a second or successive habeas corpus petition in all but a very narrow set of circumstances which include a new rule of constitutional law, or the existence of a factual predicate for the claim that could not have been discovered previously and that provides clear and convincing evidence that the petitioner could not have been found guilty absent a constitutional error.

Because the petitioner's § 2254 petition is successive, the petition must be dismissed unless the petitioner can establish one of the exceptions enumerated in 28 U.S.C. § 2244(b).

The only exception applicable to this civil action is § 2244(b)(2)(B), which allows an exception where the factual predicate of a claim could not have been discovered previously through the exercise of due diligence. In his § 2254 petition before this Court and his objections to the magistrate judge's report and recommendation, the petitioner asserts that there is newly discovered evidence. This Court disagrees and finds that the petitioner's first habeas corpus petition refutes his argument.

In the petitioner's first petition, he asserted that his indictment was unconstitutional because it was not under his legal name. In addition, the petitioner asserted that his counsel was ineffective for failing to object to the use of the victim's illegal alias name as counsel knew the true identity of the victim

6

at the time of voir dire. This Court finds that both instances show that the factual predicate for the petitioner's claim was known at the time of trial and were addressed in his first habeas corpus petition. Thus, the petitioner's claims are not newly discovered and his petition must be dismissed as successive.

D.  Motion for an Evidentiary Hearing

On August 14, 2006, the petitioner filed a motion for an evidentiary hearing. The petitioner asserts that the only way to ascertain the truth is by having an evidentiary hearing. Specifically, the petitioner asserts that the "jury panel was tainted for using an illegal alias name for said accuser" and a juror, Robert Rawlings, was acquainted with family members of the accuser, Linda Correro a/k/a Linda Crim. (Pet'r's Objection at 1-5.)

This Court finds that an evidentiary hearing is not required in this civil action. An evidentiary hearing is required under 28 U.S.C. § 2254 if:

(A)  the claim relied on -

> (retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

7

28 U.S.C. §§ 2254(e)(2)(A) and (B).

This Court finds that the petitioner is not requesting an evidentiary hearing upon a new rule of constitutional law and that all of the factual reasons the petitioner asserts for his request have been addressed in the petitioner's first petition for writ of habeas corpus pursuant to § 2254. Accordingly, this Court finds that it must deny the petitioner's motion for an evidentiary hearing.

E.  Motion to Appoint Counsel

On August 14, 2006, the petitioner filed a motion for appointment of counsel. Specifically, the petitioner asserts that he requires counsel to investigate his allegations of misconduct during the jury proceedings of his trial and to file a claim for ineffective assistance of counsel.

A district court may appoint counsel for indigent parties. 28 U.S.C. § 1915(e)(1). However, the United States Court of Appeals for the Fourth Circuit has limited a district court's discretion, stating that "it is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 779 (4th Cir. 1975).

The petitioner seeks the appointment of counsel on the grounds that his knowledge of the law is insufficient to successfully prosecute his case and that he needs someone to "investigate the facts and get to the truth." (Pet'r's Mot. Counsel at 1.) For the

purposes of this motion, this Court will accept the petitioner's contentions as true. Nevertheless, while this Court may sympathize with the petitioner's alleged difficulties, the petitioner's case does not meet the threshold to allow this Court to appoint counsel on his behalf. Because the petitioner has not demonstrated exceptional circumstances, the petitioner's motion for appointment of counsel must be denied.

This Court notes, however, that a <u>pro se</u> petitioner is given wide latitude in framing a complaint and responding to pleadings. Such pleadings must be liberally construed in favor of the petitioner and held to a "less stringent standard than formal pleadings drafted by lawyers." <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, this standard does not relieve a <u>pro se</u> petitioner of his obligations under the Federal Rules of Civil Procedure and, although this Court should and will liberally construe <u>pro se</u> pleadings, it cannot act as an advocate. See <u>Weller v. Dep't of Soc. Serv.</u>, 901 F.2d 387 (4th Cir. 1990).

## V. Conclusion

Because, after a <u>de novo</u> review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the respondent's

9

motion to dismiss is GRANTED and the petitioner's § 2254 motion is DISMISSED WITH PREJUDICE as successive.  As to the portions of the report to which no objection is made, this Court concludes that the magistrate judge's recommendation is without clear error and hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation and finds that the petitioner's first motion to take judicial notice is hereby DENIED, the petitioner's motion for an evidentiary hearing is hereby DENIED and petitioner's second motion to take judicial notice is hereby DENIED as vague.  In addition, this Court finds that the petitioner's motion for appointment of counsel is hereby DENIED and the petitioner's motion for an evidentiary hearing is hereby DENIED.  This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 16, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE